IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL GREEN,

                Plaintiffs,                      OPINION AND ORDER

v.

                                         24-cv-874-wmc

STATE OF WISCONSIN, DIRECTOR OF
STATE COURTS, THE CAPITOL POLICE,
and DANE COUNTY,

                Defendants.

       Plaintiff Michael Green, who represents himself, alleges that various state and county entities and staff hindered his ability to file lawsuits in the Dane County Circuit Court because of his race, in violation of his constitutional rights.  Plaintiff also has filed a letter in which he asks the court to assist him in arranging a plea for him in a state criminal case.  Dkt. #4. Because plaintiff seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).  The court accepts plaintiff's allegations as true and construes them generously, holding his pro se complaint to a less stringent standard than one a lawyer drafts.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  For the following reasons, the court concludes that plaintiff's current allegations fail to state a federal constitutional claim upon which relief can be granted, but he will be given a brief opportunity to amend his complaint as outlined below.  Plaintiff's motion for court assistance in his criminal case will be denied because *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal courts from interfering with ongoing state criminal proceedings, even if the desired federal intrusion relates only to sentencing.  *See Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018).

OPINION

While it is not entirely clear from the complaint, plaintiff seems to be alleging that a number of state and county officials, many of whom he fails to identify by name, have interfered with his attempts to seek judicial redress for "harms done" to him "in Dane [C]ounty," all because he is black. (Dkt. #1, at 1.) Specifically, plaintiff alleges that the State of Wisconsin and Dane County have prevented him from filing lawsuits by denying him the court filing fee waiver applicable to all low-income state residents like himself.  He further alleges that he is being denied the fee waiver because he is black, as deputy clerks at the Dane County Circuit Court allegedly made comments "about blacks" not understanding the courts and "coming from Chicago and leeching." (Dkt. #1, at 1.)  Plaintiff also alleges that other officials interfered with his lawsuits, including:  (1) court commissioners expressed their displeasure of his use of a fee waiver by throwing his case out immediately; (2) under the guidance of Dane County Clerk Jeff Okazaki, deputy clerks refused to file his papers and did not provide him with functional, electronic filing codes for pro se cases; (3) a judge issued an order requiring that a judge must approve the fee waiver in any of plaintiff's cases, which has led to him not receiving one at all; (4) Dane County Sheriff's deputies and Capitol Police Officers followed him around the courthouse, and sometimes forced him to leave, when he was trying to file legal documents or speak with staff about his lawsuits; and (5) staff in the director of state courts' office hung up on him when he attempted to ask about filing a complaint.

Plaintiff identifies the Equal Protection Clause as giving rise to his claims, but his allegations also implicate his constitutional right to the meaningful and effective access to the courts.  While plaintiff's complaint must be dismissed because he has named defendants who cannot be sued and has not included sufficient allegations to state either an equal protection

or access to the courts claim, he will be given a chance to amend his complaint to correct these deficiencies. *See Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016) (cautioning against dismissing *pro se* plaintiff's case without allowing leave to amend complaint).

### A. Proper Defendants

Plaintiff's claims against the State of Wisconsin, Director of State Courts, and Capitol Police are barred by Eleventh Amendment sovereign immunity, which prohibits individuals from suing a state, state agency, or state official in federal court. *Indiana Prot. & Advoc. Servs. v. Indiana Fam. & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010); *Kreger v. Stonehouse Dev.*, No. 21-cv-466, 2022 WL 2713376, at *4 (W.D. Wis. July 13, 2022). While there is an exception to sovereign immunity for suits seeking prospective relief against state officials in their official capacities, *id.*; *Ex Parte Young*, 209 U.S. 123 (1908), plaintiff says that he is suing for money damages to compensate him for past conduct, which is a backwards-looking request for state funds and not prospective relief. *Kreger*, 2022 WL 2713376, at *4 (citing *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043 (7th Cir. 2013)). A plaintiff also may bring personal-capacity claims against an individual state official for their personal involvement in constitutional violations under 42 U.S.C. § 1983, *see Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012), but plaintiff has not named any individuals as defendants in the caption of his complaint other than the Director of State Courts, who does not appear to have had any direct involvement in the events in question.

Similarly, plaintiff may not bring his claims against Dane County; instead, he would have to bring them against the specific county employees who allegedly interfered with his access to the state courts. A county is responsible for its employees' violations of a plaintiff's

3

constitutional rights only if the violations occurred due to a county policy or custom, or if they were performed by an official with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bradley v. Dane Co. Sheriff's Dep't*, No. 20-cv-49, 2020 WL 2334082, at *3 (W.D. Wis. May 11, 2020). The actions plaintiff describes in his complaint do not appear to meet either condition. Plaintiff also should be aware that the county court commissioners and judges he refers to in the body of his complaint have absolute judicial immunity from suit for acts or omissions performed in their judicial capacity, *see Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005), and nonjudicial actors like the Clerk of the Dane County Circuit Court and the deputy clerks are entitled to immunity when "performing ministerial acts under a judge's supervision and intimately related to judicial proceedings," *Schneider v. Cnty. Of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010). Finally, this court would not have subject matter jurisdiction over any claims seeking to challenge state court proceedings and decisions rendered before the district court proceedings commenced. *See Howell v. Dewey*, 817 F. App'x 268, 270 (7th Cir. Aug. 19, 2020) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

### B. Constitutional Challenges

The Equal Protection Clause of the Fourteenth Amendment protects individuals from governmental discrimination. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). The typical equal protection case involves discrimination by race, as plaintiff alleges occurred here, but "the Clause also prohibits the singling out of a person for different treatment for no rational reason" under a class-of-one theory. *Id*. To state a claim for discrimination, plaintiff must allege that: (1) he is a member of a protected class; (2) that he is otherwise similarly situated to members of the unprotected class; and (3) that he was treated differently from

4

members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Taylor v. Nunez*, No. 18-cv-7844, 2019 WL 5393996, at *3 (N.D. Ill. Oct. 22, 2019). "To state a class-of-one equal protection claim, an individual must allege that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Swanson*, 719 F.3d at 783-84 (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *see also D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (same).

Additionally, "'[m]eaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses.'" *Marks v. City of Wausau*, No. 11-cv-612-wmc, 2013 WL 5442358, at *2 (W.D. Wis. Sept. 30, 2013), *aff'd*, No. 13-3410, 2015 WL 13926923 (7th Cir. Jan. 23, 2015) (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir.1993)). And "[t]his right extends to an individual seeking to obtain access to the courts without undue interference." *Id.* (citing *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) (The right of individuals to pursue legal redress for claims protected by the due process rights found in the Fourteenth Amendment, as well as the First Amendment right to petition)). To state an access to the courts claim, plaintiff must plausibly allege: (1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement. *Harer v. Casey*, 962 F.3d 299, 308 (7th Cir. 2020) (citations omitted).

However, to proceed on either type of constitutional claim, plaintiff must identify the specific acts of discrimination and interference he experienced, who participated in it, and when it happened. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must include "a short and plain statement

of the claim showing that the pleader is entitled to relief"); *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation marks omitted) (Plaintiff must "state a claim to relief that is plausible on its face" by providing "sufficient detail to present a story that holds together."); *Junhao Su v. E. Illinois Univ.*, 565 F. App'x 520, 521-22 (7th Cir. 2014) (same); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (plaintiff must give defendant fair notice of what the claim is and the grounds upon which it rests). Here, plaintiff has not alleged with any clarity which individual state or county employees violated his rights, what they each did to discriminate against him or impede his access to the state courts, when these events occurred, what lawsuits or potential lawsuits were involved, whether those lawsuits involved a non-frivolous claim, and whether this conduct caused plaintiff the loss or inadequate resolution of his state claims. *See Christopher v. Harbury,* 536 U.S. 403, 418 (2002) ("[C]omplaint did not come even close to stating a constitutional claim for denial of access upon which relief could be granted."); *Harer*, 962 F.3d at 308 (granting dismissal of access-to-court claim in part because plaintiffs failed to identify remedy that alleged police cover-up put out of reach).

As currently pleaded, the complaint fails to give defendants notice of what plaintiff believes any *individual* official or officer did to discriminate against him and impede his access to the state courts, nor can the court draw the inference that any individual is liable for any misconduct. However, plaintiff may have a brief, one-month window of time to submit a proposed amended complaint that corrects the deficiencies related to his proposed claims, as described above, and set forth a cognizable federal claim that can be adjudicated by this court.

Plaintiff should draft any amended complaint as if he was telling a story to someone who knows nothing about the events at hand, focusing on: providing a timeline of the material

6

events; identifying the specific defendants who are being sued; and describing the specific, personal actions by each defendant that plaintiff believes constitute a violation of his rights. **Should plaintiff timely submit a proposed, amended complaint, the court will screen it and determine whether this case may proceed further. Failure to do so with thirty (30) days will result in dismissal of his claims with prejudice.**

ORDER

IT IS ORDERED that:

1. The complaint filed by plaintiff Michael Green is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8. Plaintiff has until **April 21 2025**, to file an amended complaint that corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

2. Plaintiff's motion for court assistance in a plea deal (dkt. #4) is DENIED.

Entered this 21st day of March, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge